Argued and submitted July 27, affirmed September 12, reconsideration denied November 28, 1990, petition for review allowed February 19, 1991 (311 Or 166)
See later issue Oregon Reports

EMMETT WOODROW MARTIN,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(89-1015; CA A61474)

797 P2d 401

Harris S. Matarazzo, Salem, argued the cause and filed the brief for petitioner.

Diane S. Lefkow, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

## WARREN, J.

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) that ordered that he be continued under its jurisdiction. We affirm.

In January, 1989, petitioner was found guilty except for insanity[1] of two felonies. As a result, he was placed under the jurisdiction of PSRB and was committed to the Oregon State Hospital. In April, 1989, PSRB held the initial hearing required by ORS 161.341(7)(a) to determine whether petitioner should be discharged or conditionally released. It found that he was affected by a mental disease or defect and that he presented a substantial danger to others. It also found that he was a proper subject for conditional release but that supervision and treatment were not available in the community. Therefore, it ordered that petitioner "be continued in commitment at a state hospital * * *."

Petitioner argues that there is not substantial evidence to support PSRB's conclusion that he is affected by a mental disease or defect.[2] He argues essentially that his mental condition is a personality disorder, rather than a mental disease or defect and that, therefore, he should be discharged from commitment.[3]

After a person is found guilty of a felony except for insanity, the trial court makes a determination whether the person is affected by a mental disease or defect and whether the person presents a substantial danger to others requiring commitment to a state mental hospital. ORS 161.327(1). If both elements are met, the court "shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment." ORS 161.327(1). Within 90 days after the court's commitment, PSRB holds a

---

[1] ORS 161.295(1) provides:

"A person is guilty except for insanity if, as a result of a mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law."

[2] Petitioner states in his brief that he disputes the Board's findings that he presents a substantial danger to others. He does not present any argument on that issue, and we do not consider it.

[3] As relevant to this case, a mental disease or defect does not include a personality disorder. ORS 161.295(2).

hearing to determine whether the person should be conditionally released or discharged. ORS 161.341(7)(a). The person will be discharged if PSRB finds that the person "is no longer affected by mental disease or defect, or, if so affected, no longer presents a substantial danger to others[.]" ORS 161.346(1)(a).

The purpose of the initial hearing under ORS 161.341(7)(a) is to determine whether the person continues to be affected by the condition that resulted in commitment. In order to be discharged, "a person must *no longer* be affected by the condition that made her dangerous, that is, the mental disease or defect *that originally caused her to be placed under PSRB's jurisdiction." Baldwin v. PSRB,* 97 Or App 367, 371, 776 P2d 577 (1989). (First emphasis supplied; second emphasis in original.) Petitioner does not contend that the mental condition that he claimed at his trial, and which resulted in his commitment, no longer exists or has changed; he merely challenges the classification of his condition, claiming that it is, and always has been, a personality disorder rather than a mental disease or defect. That is an impermissible collateral attack on the determination that was made by the trial court that ordered the commitment.

There was substantial evidence to support PSRB's finding that petitioner continues to be affected by a mental disease or defect.

Affirmed.