Submitted on record and briefs October 11, 1991, reversed and remanded for further proceedings June 24, 1992

MICHAEL ALAN HODGIN,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(PSRB No. 90-1088; CA A66470)

833 P2d 351

Harris S. Matarazzo, Salem, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

Rossman, J., dissenting.

## De MUNIZ, J.

Petitioner seeks review of a final order of the Psychiatric Security Review Board (PSRB) ordering that he continue under its jurisdiction. We reverse and remand.

On April 5, 1990, petitioner was found guilty except for insanity[1] of three felonies and two misdemeanors. As a result, he was placed under the jurisdiction of PSRB and committed to the Oregon State Hospital.[2] On June 22, 1990, he had an initial hearing before PSRB, ORS 161.341(7)(a), which found that petitioner is affected by a mental disease or defect and ordered that his commitment be continued.

Petitioner contends that there is not substantial evidence to support PSRB's finding that he is affected by a mental disease or defect. PSRB argues that, because petitioner did not "formally apply, pursuant to ORS 161.341(4), to PSRB for an order of discharge or conditional release," it was not required at the initial hearing to make a finding that petitioner is affected by a mental disease or defect. PSRB maintains that, pursuant to ORS 161.341(1), it is required *only* to determine at an initial hearing that

"the person presents a substantial danger to others and is not a proper subject for *conditional release*." (Emphasis supplied.)

ORS 161.341(7)(a) provides:

"In no case shall any person committed by the court under ORS 161.327 to a state hospital * * * be held in the

---

[1] ORS 161.295(1) provides:

"A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law."

[2] ORS 161.327(1) provides, in part:

"Following the entry of a judgment pursuant to ORS 161.319 and the dispositional determination under ORS 161.325, if the court finds that the person would have been guilty of a felony, or a misdemeanor during a criminal episode in the course of which the person caused physical injury or the risk of physical injury to another, and if the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and presents a substantial danger to others requiring commitment to a state hospital designated by the Mental Health Division and Developmental Disability Services Division or conditional release, the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment."

hospital for more than 90 days from the date of the court's commitment order without an initial hearing before the board to determine whether the person should be conditionally released or discharged."

ORS 161.341(7)(a) does not specifically require the finding of mental disease or defect. It does require that an initial hearing be held and that PSRB determine whether to discharge or conditionally release the person. ORS 161.351(1) provides:

"Any person placed under the jurisdiction of the Psychiatric Security Review Board pursuant to ORS 161.336 or 161.341 shall be discharged at such time that the board, upon a hearing, shall find by a preponderance of the evidence that the person is no longer affected by *a mental disease or defect* or, if so affected, no longer presents substantial danger to others which requires regular medical care, medication, supervision or treatment." (Emphasis supplied.)

The finding of mental disease or defect is required at the initial hearing, because PSRB is required at that hearing to determine if a person under its jurisdiction may be discharged, which requires a finding of whether the person is affected by a mental disease or defect.[3] *See Martin v. PSRB*, 103 Or App 385, 797 P2d 401 (1990), *rev'd on other grounds* 312 Or 157, 818 P2d 1264 (1991).

PSRB found:

"[Petitioner] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence, including the testimonies of Terrance Lally, Ph.D., and John E. Meyer, M.D., as well as Dr. Meyer's report as found in Exhibits 10 and 12, and the report of Dr. Norman Janzer, M.D., as found in Exhibit 9."

The state introduced extensive evidence that petitioner had *previously* suffered from a mental disease or defect. The

---

[3] In any event, PSRB concedes that it is bound by OAR 859-60-015, which provides:

"After being placed under the jurisdiction of the Board and committed to a state hospital, the person shall have an initial hearing before the Board to determine whether the person should be committed, conditionally released or discharged:

"(1) *At an initial hearing, the Board shall make a finding on the issue of presence of mental disease or defect* and may base it on the court's findings and any additional information received." (Emphasis supplied.)

evidence consisted of a prior diagnosis made during a previous commitment in 1985, evidence concerning petitioner's behavior during the criminal episode resulting in this commitment and evidence relating to petitioner's mental state when the court placed him under the jurisdiction of PSRB. However, that evidence is not itself sufficient to prove petitioner's mental state at the time of the hearing. The state's only evidence concerning that is the testimony of Meyer and Lally. Meyer testified that petitioner suffers from "*possible* bipolar disorder, presently in remission." (Emphasis supplied.) Lally was "leaning towards finding that [petitioner] is not suffering from a mental illness," although, because of insufficient time to formulate a diagnosis, he was not able to rule out the "*tentative* diagnosis of schizoaffective disorder or manic depressive illness." (Emphasis supplied.) The state's evidence establishes, at best, only a possibility that petitioner is affected by a mental disease or defect, not that he is. PSRB's finding that petitioner is affected by a mental disease or defect is not supported by substantial evidence. ORS 183.482(8)(c); *Valleur v. Psychiatric Review Board*, 43 Or App 843, 845, 604 P2d 439 (1979).

Reversed and remanded for proceedings not inconsistent with this opinion.

**ROSSMAN, J.,** dissenting.

I do not believe that the majority opinion holds together. To begin with, it may be based on a faulty premise. It is difficult to say from petitioner's brief whether he seeks a conditional release or a complete discharge. At the hearing, petitioner's attorney stated his position:

> "My—at this time my client is requesting that he be *discharged or, in the alternative, that he be found appropriate for conditional release* and allowed 90 days within which to prepare and submit a conditional release plan for your review." (Emphasis supplied.)

However, on appeal, petitioner's assignment of error specifically refers to the proceeding as a request for discharge:

> "[PSRB] erred in denying [petitioner's] *request for discharge*, by finding that Petitioner was affected by a mental disease or defect." (Emphasis supplied.)

That is much more than a mere semantic difference. The terminology used by petitioner is very significant in one important particular: allocation of the burden of proof. If this were an initial hearing under ORS 161.341(7)(a), in which petitioner was seeking a conditional release, the burden would have been on the state to show that petitioner continued to be affected by a mental disease or defect. OAR 859-50-055(1), (4).[1] Given what it perceives to be equivocal medical and psychiatric testimony, the majority has concluded that the state did not prove the continuing existence of a mental disease or defect. If, on the other hand, this was a hearing on petitioner's application for discharge under ORS 161.341(4) — which I think it probably was — *petitioner* would have had the burden to prove that he no longer suffered from the mental disease or defect that originally caused him to be placed under PSRB's jurisdiction. *See* n 1, *supra*; ORS 161.341(5); *Baldwin v. PSRB*, 97 Or App 367, 371, 776 P2d 577 (1989). On what the majority has characterized as a tentative record, petitioner likewise would not have carried his assigned burden.

Assuming, for the sake of argument, that the majority has correctly assigned the burden of proof, I believe that petitioner still loses because of an even more fundamental flaw. He did not argue at the hearing that he is *no longer* affected by the mental disease or defect that resulted in his commitment. Instead, he contended there, and here, that he *has never* suffered from any type of mental disease or defect and that his attorney did not explain the consequences of making that defense at trial.[2] In *Martin v. PSRB*, 103 Or App

---

[1] OAR 859-50-055(1) provides:

"The standard of proof on all issues at hearings of the Board shall be the preponderance of the evidence. *The burden of proof shall depend on the type of hearing*:

"(1) *Initial 90-day hearing under ORS 161.341(7)(a)*: The state has the burden to show the person continues to be affected by a mental disease or defect and continues to be a substantial danger to others.

"* * * * *

"(4) Hospital patient's request for conditional release or discharge under ORS 161.341(4): The person has the burden of proving his or her fitness for conditional release or discharge." (Emphasis supplied.)

[2] At the hearing, petitioner testified:

PSRB: "[Petitioner], you're taking the position now that you're not suffering from a mental disease or defect?

385, 388, 797 P2d 401 (1990), *rev'd on other grounds* 312 Or
157, 818 P2d 1264 (1991), a post-conviction decision, we held
that a contention that the petitioner's condition was, and
*always has been*, a personality disorder rather than a disease
or defect, was an "impermissible collateral attack on the
determination that was made by the trial court that ordered
the commitment." The Supreme Court disagreed with our
understanding of the petitioner's argument and reversed,
concluding that the petitioner did not actually challenge the
trial court's determination, but simply argued that his condi-
tion had changed as of the time of the hearing. 312 Or at 164.
On that point, therefore, *Martin* was reversed on a factual
determination. However, the basic rule from our decision in
*Martin* remains: At a post-commitment hearing, the peti-
tioner may not collaterally attack the original determination
of the trial court by claiming that he has never actually
suffered from the mental condition that he claimed at trial
must entitle him to an insanity defense. Instead, he must
show that he *no longer* suffers from that condition. Because
petitioner clearly failed to make that showing, he loses.

When all is said and done, it looks to me that the real
thrust of this appeal is petitioner's claim that he was denied
effective assistance of counsel. If that is so, he clearly has
chosen the wrong forum to litigate that question.

For any or all of the above reasons, I would affirm
PSRB's order. Accordingly, I must respectfully dissent.

---

PETITIONER: "Yes...."

PSRB: "Pardon me?"

PETITIONER: *"Or ever have.*

PSRB: "Well, you entered a plea in this case, did you not?"

PETITIONER: "Yeah, *I wasn't explained the entirety of it by my attorney.* If
he would've explained it completely, I would've stayed where I was 'cause I was
looking at a nine-month period of time in [jail] as the maximum for this. And
what he told me when he made these arrangements was that I would be in here
for a short period of time, about a five-day to a five-month at the most period of
time.* * *" (Emphasis supplied.)