Submitted on briefs July 12, reversed and remanded for reconsideration
October 6, 1993

MALINDA COOK,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(90-1125; CA A73004)

860 P2d 855

Harris S. Matarazzo, Portland, filed the briefs for petitioner.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) that continues her commitment. We reverse and remand.

On October 19, 1990, the Multnomah County Circuit Court found petitioner guilty, except for insanity, of arson. ORS 161.295(1). As a result, she was placed under the jurisdiction of PSRB and committed to the Oregon State Hospital (OSH). On September 27, 1991, PSRB held a hearing pursuant to ORS 161.341(4)[1] to determine if petitioner should be discharged or conditionally released. PSRB found that petitioner continues to be affected by a mental disease or defect and continued her committment. Petitioner contends that that finding is not supported by substantial evidence. ORS 183.482(8)(c).

PSRB found:

> "The occurrence of paranoid episodes together with the history of bipolar disorder convinces the board that [petitioner] continues to suffer from a mental disease or defect, to wit a bipolar disorder."

PSRB based its finding of paranoid episodes on Dr. Reichlin's testimony at the September, 1991, hearing. Reichlin is petitioner's treating physician at OSH and was the only witness, other than petitioner, to testify at the hearing. He testified that petitioner had "paranoid episodes" while in the hospital and that another physician might view those episodes as signs of a bipolar disorder. However, Reichlin also testified that petitioner does not suffer from a bipolar disorder. In early 1990, Reichlin had diagnosed a bipolar disorder but, by August, 1990, had changed his diagnosis. He attributed his earlier diagnosis primarily to the medical history given by petitioner. After Reichlin had observed her and had received prior medical records, he changed his diagnosis from a bipolar disorder to antisocial personality with borderline traits, along with several severe substance abuse diagnoses.

---

[1] ORS 161.341(4)(a) provides, in part:

"Any person who has been committed to a state hospital * * * for custody, care and treatment or another person acting on the person's behalf may apply to the board for an order of discharge or conditional release upon the grounds:

"(a) That the person is no longer affected by mental disease or defect."

PSRB relied on a number of additional sources for its finding of bipolar disorder. PSRB cites the report of Dr. Conaway who examined petitioner a number of times between February and June, 1990, and diagnosed her condition as bipolar disorder. PSRB also cites the January, 1991, report of Dr. Skach, which says that petitioner has a "questionable history of bipolar disorder which may be in error or maybe [*sic*] in remission."

■ ■ The passage of time does not necessarily render medical reports "stale." *See Martin v. PSRB*, 312 Or 157, 167, 818 P2d 1264 (1991). PSRB considered extensive evidence that petitioner had previously suffered from a mental disease or defect. That evidence was a sketchy history of petitioner's contacts with the mental health system over a 30-year period, evidence concerning her behavior during the criminal episode resulting in this commitment, and evidence relating to her mental condition when the court placed her under the jurisdiction of PSRB. However, that evidence itself is not sufficient to prove petitioner's mental condition at the time of the hearing. *Hodgin v. PSRB*, 113 Or App 580, 584, 833 P2d 351 (1992). The state's only evidence regarding her current condition is Reichlin's testimony, which does not support a finding that petitioner is affected by a mental disease or defect. On these facts, PSRB's finding that petitioner is affected by a mental disease or defect is not supported by substantial evidence. ORS 183.482(8)(c).

Reversed and remanded for reconsideration.