Argued and submitted March 2, affirmed April 27, 1994

# MICHAEL ALAN HODGIN,
*Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

## (90-1088; CA A77640)

873 P2d 466

Harris S. Matarazzo argued the cause and filed the brief for petitioner.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

We previously reversed and remanded this case to the Psychiatric Security Review Board (PSRB). 113 Or App 580, 833 P2d 351 (1992). On remand, PSRB again denied petitioner's request to be discharged or conditionally released. ORS 161.346(1)(c). Petitioner assigns error to PSRB's determination that he is affected by a mental disease or defect. We affirm.

On April 5, 1990, petitioner was found guilty except for insanity[1] of three felonies and two misdemeanors. As a result, he was placed under the jurisdiction of PSRB and committed to the Oregon State Hospital.[2] On June 22, 1990, PSRB held an initial hearing, ORS 161.341(7)(a), and found that petitioner is affected by a mental disease or defect. On that basis, PSRB ordered that his commitment be continued.

In petitioner's first appeal, we noted that the evidence expressly relied on by PSRB showed only that he had *previously* suffered from a mental disease or defect. We held that PSRB had failed to show by a preponderance of the evidence that petitioner was affected by a mental disease or defect at the time of the initial hearing and concluded that PSRB's findings were not supported by substantial evidence. 113 Or App at 584.

On remand, PSRB reconsidered the evidence and entered an amended order that states, in part:

---

[1] ORS 161.295(1) provides:

"A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law."

[2] ORS 161.327(1) provides, in part:

"Following the entry of a judgment pursuant to ORS 161.319 and the dispositional determination under ORS 161.325, if the court finds that the person would have been guilty of a felony, or a misdemeanor during a criminal episode in the course of which the person caused physical injury or the risk of physical injury to another, and if the court finds by a preponderance of the evidence that the person is affected by a mental disease or defect and presents a substantial danger to others requiring commitment to a state hospital designated by the Mental Health Division and Developmental Disability Services Division or conditional release, the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment."

"2. [Petitioner] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence including the historical information which indicates that [petitioner] suffers from a bipolar disorder. Exhibit 4, the report of Michael Christenson, Ph.D. in August of 1985 diagnosed [petitioner] as having a probable bipolar disorder. Dr. Virginia Van Skoy had a provisional Axis I diagnosis of atypical psychosis. At the time of discharge in October of 1985, [petitioner] was taking 600 milligrams of lithobid in the morning and 900 milligrams h.s. daily and Dr. Van Skoy found that [petitioner] had a bipolar disorder, manic.

"In a court ordered evaluation, Dr. Norman Janzer diagnosed [petitioner] as a mixed bipolar; that is found in Exhibit 9 and took place in March, 1990. This diagnosis was made three months prior to this hearing.

"* * * * *

"* * * Dr. Lally testified that he met with [petitioner] one hour before the [initial] hearing and he observed grandiosity suggestive of delusions in [petitioner]. * * * [A] mental disease is defined * * * in the current DSM-III-R (Diagnostic Statistical Manual of Mental Disorders of the American Psychiatric Association). Grandiosity suggestive of delusions is a feature of a manic episode; the essential feature of a bipolar disorder is one or more manic episodes according to the DSM-III-R.

"The Board finds that the condition of a bipolar disorder which was positively diagnosed in October, 1985 and March, 1990 did not go away at the time of the hearing in June, 1990. The disorder continued to exist."

PSRB again concluded that it has jurisdiction over petitioner.

Petitioner argues that, on remand, PSRB did not consider any new evidence; rather, it simply re-worded its findings by incorporating different facts from the same record. PSRB appears to concede that no new evidence was presented at the hearing on remand. However, it argues that PSRB's findings are supported by substantial evidence, because its findings on remand relied on evidence that it did not expressly rely on in its initial order. Specifically, PSRB points to the amended order's reliance on testimony about petitioner's "grandiosity" one hour before the initial hearing

and the DSM-III-R's analysis that grandiosity is a symptom of the disorder in question.

We review for substantial evidence in the record. ORS 183.482(8)(c); *Cook v. PSRB*, 123 Or App 532, 535, 860 P2d 855 (1992). In reviewing a PSRB order, it is not enough that the record contain substantial evidence to support the PSRB's findings. "The question is whether the evidence on which PSRB expressly relied supports what the agency did." *Martin v. PSRB*, 312 Or 157, 167, 818 P2d 1264 (1991). Thus, even if there is other evidence that could provide a basis for PSRB's order, that will not prevent reversal if the evidence *expressly relied on* is insufficient. 312 Or at 168. Likewise, the existence of conflicting evidence in the record will not prevent us from affirming an order if the evidence expressly relied on by PSRB is sufficient.

Here, at the initial hearing, the evidence that PSRB relied on to determine whether petitioner suffered from a mental disease or defect was equivocal testimony from three experts. At the hearing on remand, PSRB expressly found that petitioner had displayed signs of grandiosity one hour before the hearing and that evidence, combined with the diagnosis of bipolar disorder in 1985 and in 1990, supported an inference that petitioner's bipolar disorder continued to exist at the time of the hearing. PSRB may base its findings on the trial court's findings from the original commitment hearing and any additional information then received.[3] OAR 859 -60-015. Substantial evidence supports the findings in the amended order.

Affirmed.

---

[3] PSRB may consider information concerning a petitioner's psychiatric history. ORS 161.346(3); *Martin v. PSRB, supra*, 312 Or at 166. However, PSRB cannot find that a petitioner suffers from a mental disease or defect based solely on evidence of a petitioner's past history of mental disease or defect. *Cook v. PSRB, supra*, 123 Or App at 535; *Hodgin v. PSRB*, 113 Or App 580, 583-84, 833 P2d 351 (1992).